**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Murray American Energy, Inc.,**
**Employer Below, Petitioner**

**v.)**     **No. 24-199**  (JCN: 2016004423)
                    (ICA No. 23-ICA-376)

**Carey Fitzwater,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc. appeals the February 8, 2024, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Murray American Energy, Inc. v. Fitzwater*, No. 23-ICA-376, 2024 WL 1589681 (W. Va. Ct. App. Feb. 8, 2024) (memorandum decision). Respondent Carey Fitzwater filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the July 24, 2023, decision of the West Virginia Workers' Compensation Board of Review, which reversed the claim administrator's June 6, 2022, order granting the claimant an additional 4% PPD for the claimant's physical impairments[2] and instead granted an additional 9% for a total award of 35% permanent partial disability for the compensable injury.

The employer asserts that the claim administrator's June 6, 2022, order granting the claimant an additional 4% PPD, which was based on the findings of Joseph E. Grady II, M.D.,[3] should be reinstated because the ICA and the Board of Review erred in finding that Dr. Grady's conclusions were unpersuasive because Dr. Grady's opinions were the most consistent with the claimant's medical records and compensable conditions. The claimant counters by arguing that while the employer obviously disagrees with the Board's decision to grant an additional 9% for a total award of 35% PPD based on the report of Bruce A. Guberman, M.D., the Board's ruling was

---

[1] The petitioner is represented by counsel Aimee M. Stern, and the respondent is represented by counsel Reginald D. Henry and Lori J. Withrow.

[2] The claimant has received a separate award of 8% PPD for psychiatric impairments, which is not at issue in this appeal.

[3] We note that in contrast with Dr. Grady's initial impairment rating of 25%, the claimant's prior PPD award was actually 26%.

not clearly wrong. Therefore, the claimant argues that the ICA properly determined that it had no basis to disturb the Board of Review's decision.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. *See* Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: January 14, 2025**


**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV